IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GIDON ABRAMOV, #63359-053         *
       Petitioner,
    vs.                               *    CIVIL ACTION NO. DKC-10-3086

J. F. CARAWAY, WARDEN          *
       Respondent.
                                      ***

## MEMORANDUM OPINION

Gidon Abramov is a federal prisoner currently confined at the Federal Correctional Institution-Cumberland. On November 1, 2010, he filed a self-represented Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241, challenging the conduct of disciplinary proceedings which resulted in the loss of good conduct credits. ECF No. 1. Respondent filed a Motion to Dismiss, or in the Alternative for Summary Judgment, which Petitioner opposes. ECF Nos. 9 & 14. Respondent then sought, and was granted, extensions of time to reply to Petitioner's opposition, indicating to the court that it intended to remand Petitioner's case to the Disciplinary Hearing Office for rehearing and restoration of Petitioner's good conduct time subject to the rehearing. ECF Nos. 13, 15, 17, & 18.

Respondent has now filed a Motion to Dismiss the Petition, arguing that the Petition is moot as the case has been remanded for a rehearing and Petitioner's good conduct credits have been restored pending the rehearing. ECF No. 19. Petitioner has not replied.[1]

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on August 12, 2011, Petitioner was notified Respondent had filed a dispositive motion, the granting of which could result in the dismissal of his action. ECF No.20. Petitioner was informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court. *Id.*

Respondent asserts that the Petition is moot as the Mid-Atlantic Regional Discipline Hearing Administrator has remanded Petitioner's case to the FCI-Cumberland Disciplinary Hearing Office for a rehearing on a reduced charge. The incident report will be revised to reflect the reduced charge and Petitioner's good conduct time has been restored subject to the rehearing. ECF No. 19, Ex. 1.

"'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *United States v. Hardy,* 545 F.3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). " 'The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" *Id.* (quoting *DeFunis v. Odegaard,* 416 U.S. 312, 316 (1974)). An actual controversy must exist at all times while the case is pending. *See Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). Where developments occur during the course of a case which prevent the court from being able to grant the relief requested, the case must be dismissed. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968). Indeed, "[w]here on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary juridical pronouncements on even constitutional issues obtained…" *See Lewis v. Continental Bank* Corp, 494 U.S. 472, 480 (1990). "[O]ne such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim." *Friedman's Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (citing Broughton v. North Carolina, 717 F. 2d 147, 149 (4th Cir. 1983).

To the extent Petitioner is seeking the restoration of good conduct credits, the credits have been restored pending rehearing of the case. If he is dissatisfied with the results or conduct

of the new hearing, he is free to file a new case regarding those claims. Accordingly, the Petition shall be dismissed as moot.


Date:   September 30, 2011                           /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge